JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

16-CV-0073

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CASTELLUCCI, MARY

## DEFENDANTS
HARCUM COLLEGE

**(b)** County of Residence of First Listed Plaintiff: **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **DELAWARE**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Zachary Meinen, and Joseph Montgomery for Montgomery Law, LLC
1420 Locust St, Suite 420, Philadelphia, PA 19102
215-650-7563

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
29 U.S.C. § 794, et seq. 42 U.S.C. § 12101, et seq.

Brief description of cause:
Plaintiff denied accommodations and discriminated against based on disability, and other state remedies

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150,000.00+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 01/08/2016
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

JAN - 8 2016

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1921 MOUNT VERNON STREET, PHILADELPHIA, PA 19130

Address of Defendant: 750 MONTGOMERY AVENUE, BRYN MAWR, PA 19010-3476

Place of Accident, Incident or Transaction: 750 MONTGOMERY AVENUE, BRYN MAWR, PA 19010-3476
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, ZACHARY MEINEN, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 1/8/2016    _____    319861
                   Attorney-at-Law             Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/8/2016    _____    319861    JAN - 8 2016
                   Attorney-at-Law             Attorney I.D.#

CIV. 609 (5/2012)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| MARY CASTELLUCCI | : | CIVIL ACTION |
| v. | : | 16   0073 |
| HARCUM COLLEGE | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 1/08/2016 | Zachary Meinen | PLAINTIFF |
| **Date** | | **Attorney for** |
| 215-650-7563 | 215-650-7563 | ZACH@ED-LAW.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN -8 2016



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY CASTELLUCCI,<br>　　　　　Plaintiff | : :  : | |
| v. | : : | Civil Action No. |
| HARCUM COLLEGE<br>750 Montgomery Ave.<br>Bryn Mawr, PA 19010-3476<br>　　　　　Defendant | : : : : : | Jury Trial Demanded   16    0073 |

### COMPLAINT

### Jurisdiction

1. This action is brought pursuant to Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 794, et seq. and The Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, et seq. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343(1), (3) and (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a) to adjudicate claims arising under state law.

2. Venue in this district is proper under 28 U.S.C. § 1391 (b).

### Parties

3. Mary Castellucci is an adult individual who resides at 1921 Mount Vernon St., Philadelphia, Pennsylvania

4. Defendant, Harcum College, at all times relevant to this complaint is an independent residential college located at 750 Bryn Mawr, PA 19010-3476 that receives federal financial assistance.

5. At times relevant to this Complaint, Plaintiff, Mary Castellucci was enrolled as a student at Defendant, Harcum College.

### Factual Allegations

6. Plaintiff began attending Harcum College in the fall semester of 2014.

7. Plaintiff was enrolled in the Veterinary Technology program.

JAN - 8 2016

8. Plaintiff excelled in the program and maintained a 3.41 grade point average. Plaintiff was never on academic probation for poor grades, nor did Plaintiff have a disciplinary history while enrolled at Harcum College.

9. Shortly after enrollment at Harcum College, and via letter on August 28, 2014, Plaintiff notified administration that she was a student with a disability. A letter was provided from Plaintiff's treating Psychiatrist Dr. Solange Margery to Dr. Richard Cooper. The letter documented her symptoms, required treatment, and corresponding effects on academic performance resulting from psychological and physical disability.

10. Plaintiff was referred to Services for Students with Disabilities at Harcum College. She was provided an Accommodations Compliance Assurances Form for each of her classes for the fall 2014 semester. The top of the form reads, **"The following accommodations are needed to minimize the impact of a disability and fulfill the above student's right to equal access to education."** The forms were signed by the Plaintiff.

11. Plaintiff's fall 2014 accommodations included "short breaks" and "excused absences." There were not any testing accommodations.

12. After the fall 2014 semester, on January 12, 2015, Plaintiff was provided Accommodations Compliance Assurance forms to sign for the upcoming spring 2015 semester.

13. The spring 2015 forms did not provide Plaintiff any classroom accommodations.

14. The spring 2015 forms included Testing Accommodations including "time and a half" and "quiet area."

15. From fall 2014 to spring 2015 Plaintiff's disabilities/diagnosis had not changed. Plaintiff assumed that the Testing Accommodations were additional accommodations to her existing classroom accommodations.

16. At this point Plaintiff was not notified of her rights regarding modifications to the plan. She assumed the additional accommodations were in her best interest. She did not know she was being stripped of her previous accommodations.

17. Defendant did not have any data, evaluation, Doctor's report, or any other reasonable justification for removal of Plaintiff's necessary classroom accommodations.

18. Further, Plaintiff was not fully informed of the process, and she did not fully understand what she was signing.

19. Harcum College knew that Plaintiff needed testing accommodations to access their program. Harcum College also knew that Plaintiff needed classroom accommodations to access their program. The need for Classroom Accommodations had not disappeared between semesters, nor is there any documentation to show that they were no longer needed.

20. Ms. Kathy Koar indicated in a January 22, 2015 email that, "I know that this is an anxiety issue," when telling Plaintiff that she needed to attend classes or she would be forced to leave the program. Ms. Koar knew that a disability was causing absences and did nothing to accommodate. Accordingly, Plaintiff still required excused absences to access Harcum College's program. Overall, Defendant was well aware of Plaintiff's disability and corresponding needs.

21. Plaintiff attended alternate sections of the class to make up time she missed due to disability. Plaintiff was accommodating to the Defendant's demands.

22. On February 12, 2015, Plaintiff met with Julia Ingersoll, Kathy Koar, Dr. Richard Cooper, Alicia Preston, and Koyuki Yip to discuss Harcum College staff concerns.

23. Plaintiff was told in an email that Ms. Ingersoll was "the boss, she gets what she wants!" Naturally, Plaintiff's anxiety was escalated entering the meeting.

24. The meeting addressed frequent absences and difficulty remaining in the classroom for the entire period.

25. Plaintiff had accommodations that allowed "short breaks" and "excused absences." The meeting was notifying Plaintiff that the use of her accommodations were a cause for concern. Essentially, Plaintiff was being absconded for using accommodations "**needed to minimize the impact of a disability and fulfill the above student's right to equal access to education.**"

26. A follow-up letter from the meeting, March 2, 2015, acknowledged that Plaintiff had disclosed anxiety problems. The letter also indicated that she should explore other programs outside the Veterinary Technology program.

27. Plaintiff is not, and was never, interested in any other program at Harcum College. She enrolled in Harcum College for the specific reason of securing a degree in Veterinary Technology. Harcum College knew about Plaintiff's objectives.

28. Despite staff concerns, Plaintiff completed the spring 2015 semester without any failed courses.

29. During the summer of 2015, Plaintiff participated in an internship at Red Bank Veterinary Hospital under the supervision of Ms. Janet McConnell. The internship did not include any treatment of animals or direct participation in any treatment of animals. The internship was primarily an opportunity for Plaintiff to observe how an animal hospital operates.

30. At the beginning of the internship, Plaintiff informed Ms. McConnell that she had a disability that required frequent breaks. Ms. McConnell indicated that this would not be a problem, and that Plaintiff could take as many breaks as necessary. At the beginning of the internship Plaintiff assumed that these were accommodations that she could use.

31. Plaintiff completed the internship's required hours and performed the required tasks of the internship.

32. After the internship was completed Plaintiff was notified of a meeting to be held on September 2, 2015 by Kathy Koar, program director. She went into the meeting without knowing what was to be addressed and assumed that she was only meeting with Ms. Koar.

33. The meeting included several Harcum College representatives which caused a great deal of anxiety for Plaintiff. Defendant's agents were aware that Plaintiff had severe struggles with anxiety and blindsided her with this meeting.

34. The meeting did not include Dr. Richard Cooper, Director of Disabilities, nor did the meeting include any representative from student disability services.

35. At the meeting, Plaintiff's performance at Red Bank was discussed. Plaintiff had assumed that the feedback would be positive because she completed her observations, which included no physical performance.

36. However, feedback was negative. Essentially, Plaintiff received negative feedback because she used accommodations that she was allowed to use (i.e. taking breaks). The supervisor even indicated that she was free to use these accommodations as she wished.

37. None of the concerns noted at the meeting were previously provided to Plaintiff. Plaintiff never had the opportunity to correct any alleged deficiencies in her ability to perform. To date, Plaintiff had received nothing but positive feedback and maintained a high grade point average.

38. Up to the date of this meeting, Harcum College was well aware of Plaintiff's disabilities and its effect on her ability to perform certain tasks. They certainly knew what the program required the Plaintiff to do, and should have known at the time of

enrollment if Plaintiff's disabilities would prohibit her from completing or participating in the program.

39. At the meeting Plaintiff was told that the use of her accommodations would prohibit her from completing the program, and that she would be denied the ability to participate in practicum. Plaintiff was forced to withdraw. At the meeting Plaintiff was advised to withdraw on her own accord because she had no other options.

40. No formal process was followed to remove Plaintiff from the program, and no representative from Harcum Services for Students with Disabilities was present to notify Plaintiff of her rights moving forward, nor did the team explore possible accommodations that could address the Plaintiff's issues moving forward.

41. For approximately a week following the meeting Plaintiff experienced extreme anxiety and was unable to attend classes as a result of the meeting. Due to the trauma and options given at the meeting, Plaintiff was forced to withdraw from her classes. At this point Plaintiff had no other options, as paying for a program that was not providing appropriate accommodations and encouraging her to withdraw was not tenable.

42. Despite Plaintiff's disability, she was qualified to participate in the program.

## COUNT I

## VIOLATION OS SECTION 504 OF THE REHABILITATION ACT OF 1973

43. Plaintiff incorporates the averments in the above and below paragraphs by this reference as if the same were fully set herein.

44. Section 504 provides, in relevant part:

"No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…"

45. Plaintiff is "an individual with a disability." Defendant has acknowledged Plaintiff's disability.

46. Plaintiff's disability substantially limits one or more major life activities including, but not limited to, learning, standing, sitting, walking, communicating, concentrating, thinking, working, or performing manual tasks.

47. Despite the disability, Plaintiff is otherwise qualified.

48. Plaintiff notified Harcum College of her disability and was provided Accommodations Assurance Forms which stated: "The following accommodations are needed to minimize the impact of a disability and fulfill the above student's right to equal access to education." Accordingly, the Defendant concluded that classroom accommodations of "short breaks" and "excused absences" were necessary to "minimize the impact of a disability and fulfill [Plaintiff's] right to equal access to education."

49. Based on Plaintiff's disability, the Plaintiff was excluded from participation in, denied the benefits of, and/or subjected to discrimination while enrolled in Harcum College's Veterinary Technology Program by the Defendant's intentional actions or omissions.

50. Specifically, Defendant violated Section 504 by:

    a. Failing to accommodate Plaintiff. Specifically, failing to provide needed testing accommodations during fall 2014 and failing to provide classroom accommodations during spring 2015 semester.
    b. Intentionally discriminating against Plaintiff by punishing Plaintiff for using her accommodations.
    c. Denying access to the program by forcing Plaintiff to withdraw.
    d. Failing to consider reasonable accommodations that were necessary for Plaintiff's participation in the program.

51. The accommodations Plaintiff needed to participate would not constitute a fundamental or substantial change to the program's requirements.

52. As a direct, proximate and reasonably foreseeable result of the above Plaintiff suffered damages.

## COUNT II

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

53. Plaintiff incorporates the averments in the above and below paragraphs by this reference as if the same were fully set herein.

54. Similar to section 504, the ADA prohibits denying qualified persons with disabilities the right to participate in or benefit from the services, programs, or activities that they provide, and from subjecting such individuals to discrimination if the exclusion or discrimination is due to the person having a disability

55. Defendant denied Plaintiff, a qualified individual, the right to participate in their program. Specifically by failing to provide appropriate accommodations, related services, or support to plaintiff.

56. Defendant subjected Plaintiff to discrimination on the basis of Plaintiff's disability as they repudiated Plaintiff for seeking use of accommodations and forced her withdrawal.

57. As a direct, proximate and reasonably foreseeable result of denial to participate and discriminatory exclusion, Plaintiff has incurred damages.

## COUNT III

## BREACH OF CONTRACT

58. Plaintiff incorporates the averments in the above and below paragraphs by this reference as if the same were fully set herein.

59. Plaintiff and Defendant had a contractual relationship. *See Ross v. Pennsylvania State University,* 445 F.Supp. 147, 152 (M.D. Pa. 1978); *Strank v. Mercy Hospital of Johnstown,* 383 pa. 54, 117 A.2d 697 (1955).

60. Based on this contract Plaintiff had a reasonable expectation that, if she successfully completed the program's requirements and paid all tuition and fees due to Harcum College, Defendant would provide Plaintiff a degree in Veterinary Technology Degree.

61. Plaintiff also had a reasonable expectation, given the Harcum's written policy, that if she continued to fulfill the program's requirements she would be allowed to stay in the program.

62. Plaintiff paid all tuition and related fees on time to Harcum College.

63. Plaintiff maintained a passing grade point average (GPA) to fulfill program requirements.

64. Plaintiff fulfilled the requirements of the internship at Red Bank.

65. Plaintiff did not violate any Harcum College rule that would constitute dismissal, probation, or any type of violation.

66. Plaintiff was forced to withdraw despite meeting all requirements.

67. Harcum College was contractually obligated to provide appropriate accommodations to Plaintiff. Harcum College failed to provide accommodations and/or constructively denied Plaintiff the ability to utilize her accommodations.

68. Defendant has breached its contractual relationship with Plaintiff and Plaintiff has suffered damages as a result of this breach.

## COUNT IV

### INTENTIONAL INFLICTION OF EMMOTIONAL DISTRESS

69. Plaintiff incorporates the averments in the above and below paragraphs by this reference as if the same were fully set herein.

70. Harcum College and its agents acted outrageously by bombarding an emotionally fragile individual with the September 2 meeting.

71. Harcum College and its agents intentionally omitted/provided information regarding the meeting that they knew or should have known would be reasonably certain to cause severe emotional distress to Plaintiff. These intentional acts or omissions include, failing to disclose what would be discussed and who would attend the meeting, and telling Plaintiff that the "boss gets what she wants!" Defendant's representatives also intentionally treated Plaintiff in an outrageous manner at the meeting.

72. The conduct leading up to the meeting and the meeting itself caused severe emotional distress that which is documented by medical professionals and Plaintiff has received treatment for.

73. Plaintiff has incurred damages resulting from the intentional infliction of emotional distress including but not limited to severe emotional damage, removal from Harcum College, and costs of psychiatric treatment.

## COUNT V

### VIOLATION OF DUE PROCESS

74. Plaintiff incorporates the averments in the above and below paragraphs by this reference as if the same were fully set herein.

75. Defendant has a grievance procedure for 504 accommodations listed on their website. Defendant did not notify student of this process and did not follow this process.

76. At the September 2 meeting in which Plaintiff was asked to leave Harcum College, there was no representative present from the student disabilities office to notify Plaintiff of her rights regarding seeking accommodations or her rights in regard to being dismissed because of her disability.

77. Defendant has a formal written dismissal procedure. Defendant did not follow this procedure in forcing the withdrawal of Plaintiff.

78. Plaintiff's withdrawal from Harcum College was not voluntary.

79. The procedural violations by the Defendant has caused damages to the Plaintiff.

### **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests the Court grant the following relief:

1. Damages in excess of $150,000; representing the cost of tuition, related expenses, value of a degree, mental/emotional damage, and loss of earning potential, plus interest, and related costs;

2. Reasonable costs and attorney's fees incurred in bringing this matter;

3. Such other relief as may be permitted and proper under the circumstances.

Respectfully Submitted,

Joseph W. Montgomery
PA Attorney ID # 209527

- and -

By: Zachary Meinen
PA Attorney ID # 319861

FOR MONTGOMERY LAW, LLC
EducationLawyers.com

Dated this 8th day of January, 2016