IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY CASTELLUCCI<br><br>v.<br><br>HARCUM COLLEGE | CIVIL ACTION<br><br>NO. 16-00073 |

MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS

**Baylson, J.**                                                                                                       **May 2, 2016**

Defendant Harcum College ("Harcum") moves for partial dismissal of plaintiff Mary Castellucci's ("Ms. Castellucci") complaint in this lawsuit alleging, *inter alia*, violations of the Americans with Disabilities Act of 1990 ("ADA" or the "Act").

## I. PROCEDURAL HISTORY

Ms. Castellucci filed her complaint (the "Complaint") on January 8, 2016. (Compl., ECF 1). Ms. Castellucci's five-count Complaint alleges: (1) violations of Section 506 of the Rehabilitation Act of 1973; (2) violation of the ADA; (3) breach of contract; (4) intentional infliction of emotional distress; and (5) violation of "due process." (Compl. ¶¶ 43-79).

Harcum filed the present Motion to Dismiss Counts IV and V under Federal Rule of Civil Procedure ("Rule") 12(b)(6) on March 14, 2016. (Def.'s Mot. to Dismiss ("Def.'s Br."), ECF 4). Ms. Castellucci filed a response in opposition on March 23, 2016. (Pl.'s Response to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), ECF 5). Harcum did not file a reply in further support. For the following reasons, the Court will grant Harcum's motion and dismiss Ms. Castellucci's claims for intentional infliction of emotional distress without prejudice with leave to amend, and for violation of due process with prejudice.

1

## II. FACTUAL ALLEGATIONS

Ms. Castellucci began her education at Harcum's Veterinary Technology program in the fall of 2014. (Compl. ¶¶ 6-7). On August 28, 2014, Ms. Castellucci notified the administration at Harcum that she was a student with a disability. (Compl. ¶ 8). In support, Ms. Castellucci provided Harcum with a letter from her treating psychiatrist, Dr. Solange Margery, documenting her symptoms, her required treatment, and indicating the impact her psychological disability would have on her academic performance. (Compl. ¶ 8).

For the fall 2014, Ms. Castellucci received accommodations, including "short breaks" and "excused absences," but no testing accommodations. (Compl. ¶¶ 10-11). For the spring 2015 semester, Ms. Castellucci received testing accommodations, including "time and a half" and "quiet area" accommodations, but not classroom accommodations. (Compl. ¶¶ 13-14). In her Complaint, Ms. Castellucci alleges that she thought these spring testing accommodations were *in addition to*, and not a replacement for, her previous fall 2014 classroom accommodations. (Compl. ¶¶ 15-16).

On February 12, 2015, Ms. Castellucci attended a meeting with Julia Ingersoll, Kathy Koar ("Ms. Koar"), Dr. Richard Cooper ("Dr. Cooper"),[1] Alicia Preston, and Koyuki Kip to discuss Harcum "staff concerns." (Compl. ¶ 22). At this meeting, Ms. Castellucci discussed with the foregoing staff her frequent absences and difficulty remaining the classroom for the entire class period. (Compl. ¶ 24). On March 2, 2015, Ms. Castellucci received a letter acknowledging her anxiety problems and inviting Ms. Castellucci to explore programs other than the Veterinary Technology program. (Compl. ¶ 26).

---

[1] Dr. Cooper is the Director of Disability Services at Harcum's Disability Services Center. Disability Support Services, http://www.harcum.edu/s/1044/edu/index.aspx?pgid=1008 (last visited Apr. 28, 2016).

2

In the summer of 2015, Ms. Castellucci participated in an internship at Red Bank Veterinary Hospital ("Red Bank") under the supervision of Janet McConnell ("Ms. McConnell"). (Compl. ¶ 29). Ms. Castellucci informed Ms. McConnell of her disability and concomitant need to take frequent breaks. (Compl. ¶ 30). Ms. McConnell indicated to Ms. Castellucci that her disability and frequent breaks would not be an issue. (Compl. ¶ 30). When the internship was completed, Ms. Castellucci was notified that her attendance was required at a meeting with the director of the internship program, Ms. Koar. (Compl. ¶ 32). On September 2, 2015, Ms. Castellucci met with Ms. Koar and a number of other Harcum staff, but none of the staff including representatives from Harcum's student disability services. (Compl. ¶¶ 33-34).

At the September meeting, Ms. Castellucci received "negative feedback" about her internship at Red Bank because of her accommodations, viz. her taking frequent breaks. (Compl. ¶ 36). At this meeting Ms. Castellucci was informed that her accommodations prohibited her from completing the Veterinary Technology program, and she was advised to withdraw. (Compl. ¶ 39). No formal process aside from this meeting was provided to remove Ms. Castellucci from the Veterinary Technology program, nor was a representative from Harcum's Disability Services Center present to advise Ms. Castellucci of her rights as a student with a disability. (Compl. ¶ 40). Ms. Castellucci alleges that, for approximately one week following the September meeting, she suffered extreme anxiety, was unable to attend classes, and ultimately withdrew from the Veterinary Technology program. (Compl. ¶ 41).

### III. JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331. The Court notes that Ms. Castellucci has not demonstrated venue is proper in this district pursuant to 28 U.S.C. § 1391(b). (However, Harcum did not move to dismiss for improper

3

venue pursuant to Rule 12(b)(3).  Therefore, according to Rule 12(h), which states that the defense of improper venue is waived "if it is neither made by motion under this rule nor included in a responsive pleading," Harcum has waived its defense as to improper venue.  FED.R.CIV.P. 12(h)(1).  Accordingly, the Court will proceed in making a determination as to Harcum's partial motion to dismiss under Rule 12(b)(6).

When deciding a motion to dismiss under Rule 12(b)(6), the Court may look only to the facts alleged in the complaint.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir.1994).  The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  Angelastro v. Prudential–Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED.R.CIV.P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Iqbal clarified that the Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) "expounded the pleading standard for 'all civil actions.'"  Iqbal, 556 U.S. at 684.

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted.  Id. at 678, 684.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she

4

provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing Twombly, 550 U.S. at 556 n.3). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). To evaluate whether a plaintiff has met this standard the Third Circuit has instructed:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir.2010) (citations, alteration, footnote, and internal quotation marks omitted). In doing so, the court must "also disregard 'naked assertions devoid of further factual enhancement.'" Id. at 131 (quoting Iqbal, 556 U.S. at 678).

### IV. DISCUSSION

Harcum moves to dismiss Counts IV and V alleging intentional infliction of emotional distress and violation of due process, respectively. The Court takes each claim in turn.

**A. Intentional Infliction of Emotional Distress**

To recover for the Pennsylvania tort of intentional infliction of emotional distress, a plaintiff must demonstrate that the defendant's conduct was: (1) extreme and outrageous; (2) intentional or reckless; and (3) the cause of severe or emotion distress to the plaintiff. Manley v. Fitzgerald, 997 A.2d 1235, 1241 (Pa. Cmmw. Ct. 2010). "The [defendant's] conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir. 1988); see also Barnett v. Sch. Dist. of

Lancaster, No. 14-2414, 2015 WL 1312730, at *13 (E.D. Pa. Mar. 24, 2015). In addition, under Pennsylvania law, a plaintiff must demonstrate that he or she suffered "some type of resulting physical harm due to the defendant's outrageous conduct." Swisher v. Pitz, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005) (quoting Reeves v. Middletown Athletic Ass'n, 866 A.2d 1115, 1122-23 (Pa. Super. Ct. 2004); see also Hallman v. Dep't of Human Servs., 630 Fed. App'x 123, 127 (3d Cir. 2015).[2]

Ms. Castellucci alleges that she suffered from "severe emotional damage" due to Harcum holding a meeting during which its agents "acted outrageously by bombarding an emotionally fragile individual." These allegations fail to amount to conduct that "go[es] beyond all bounds of decency" such that it is "utterly intolerable in a civilized society." Hoy, 720 A.2d at 754. Furthermore, Ms. Castellucci failed to allege that she suffered from any physical injury as a result of the outrageous conduct. Because Ms. Castellucci challenged the physical injury requirement (a challenge this Court hereby rejects), the Court dismisses Ms. Castellucci's claim for intentional infliction of emotional distress with leave to replead.[3]

**B. Violation of the Due Process Clause of the United States Constitution**

Harcum also moves to dismiss Ms. Castellucci's claim for violation of "due process." In her opposition to Harcum's motion, Ms. Castellucci defends the claim as one grounded in contract rather than in the constitutional safeguards of due process. (Pl.'s Opp'n 7-8). Thus, Ms.

---

[2] Ms. Castellucci denies that pleading physical harm is a requirement under Pennsylvania law. There is at least one case in this District that would support that contention. See Ricker v. Weston, No. 99-5879, 2000 WL 1728506, at*5 n.17 (E.D. Pa. Nov. 21, 2000), reversed on other grounds by 27 Fed. App'x 113 (3d Cir. 2002). However, the weight of authority from the intermediate appellate courts in Pennsylvania that intentional infliction of emotional distress requires a showing of physical injury. See, e.g., Fewell v. Besner, 664 A.2d 577, 582 (Pa. Super. Ct. 1995); Hart v. O'Malley, 647 A.2d 542, 554 (Pa. Super. Ct. 1994). Similarly, courts in this Circuit require physical injury. See, e.g., Short v. Chief Shawn Payne & Officer Parker, No. 15-5873, 2016 WL 1594791, at *4 (E.D. Pa. Apr. 20, 2016); Finn v. Porter's Pharm., No. 15-661, 2015 WL 5098657, at *5 (W.D. Pa. Aug. 31, 2015) (collecting cases).

[3] The Court notes, nevertheless, that Ms. Castellucci should take care in deciding whether or not to replead her claim for intentional infliction of emotional distress, as her current allegations fall far short of what is required to successfully plead this tort.

Castellucci's argument implicitly acknowledges that Harcum's position is correct. Harcum has challenged Ms. Castellucci's claim on the basis that Harcum, as a private institution, cannot satisfy the requirement under § 1983 that the defendant be a state actor. The Court agrees.

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen . . . or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. "To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." Ellmore v. Cleary, 399 F.3d 279, 281 (3d Cir. 2004). In this case, Ms. Castellucci asserts a procedural due process claim for deprivation of a property interest in the continuation of her studies in the Veterinary Technology program.

To state a procedural due process claim, a plaintiff must allege "[s]he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to [her] did not provide due process of law." Hammond v. Chester Upland Sch. Dist., No., 2014 WL 4473726, at *6 (E.D. Pa. Sept. 9, 2014) (alterations in original) (quoting Iles v. de Jongh, 638 F.3d 169, 173 (3d Cir. 2011)). For purposes of procedural due process, courts look to state law to determine whether a property interest exists. Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008).

Harcum cites Borrell v. Bloomsburg University, 955 F. Supp. 2d 390, 402 (M.D. Pa. 2013), in support of its contention that it is not a "state actor" for purposes of § 1983 as it is a *private* and not *public* institution. (Def.'s Br. 5-6). In Borrell, the district court denied the defendants' motion to dismiss the student plaintiff's due process property interest claim because

7

it determined the student adequately pleaded "the deprivation of her property interest in the continuation of her course of study." Borrell, 955 F. Supp. 2d at 404. In so finding, the district court relied upon a series of cases that addressed the due process rights of students in *state* operated institutions. See id. Furthermore, in stating that "[c]ourts in the Third Circuit have repeatedly recognized that a graduate student has a property interest protected by procedural due process in the continuation of his or her course of study under Pennsylvania law," the district court only cited cases in which the defendant institution was state operated. Borrell, 955 F. Supp. 2d at 402.[4]

In further support of its argument, Harcum cites Tran v. State System of Higher Education, 986 A.2d 179. 183 (Pa. Commw. Ct. 2009), which stated "Pennsylvania courts have held consistently that the relationship between a student and a *privately* funded college is "strictly contractual in nature." Id. (quoting Reardon v. Allegheny Coll., 926 A.2d 477, 480 (Pa. Super. Ct. 2007)). This Court has followed and recognized this principle. Harris v. Saint Joseph's Univ., No. 13-3937, 2014 WL 1910242, at *6 (E.D. Pa. May 13, 2014) (Restrepo, J.).

Ms. Castellucci fails to distinguish any of the foregoing cases, and in fact admits that this claim is for "the procedural violations of the breach and the breach of implied duties of Defendant agents." (Pl.'s Opp'n 8). As noted above, this position implicitly recognizes that the relationship between Ms. Castellucci and Harcum is of a contractual nature. Accordingly, the Court will dismiss Ms. Castellucci's claim for violation of due process with prejudice.

---

[4] Valentine v. Lock Haven Univ. of Pennsylvania of the State Sys. Higher Educ., 2014 WL 3508257, at *8 (M.D. Pa. July 14, 2014) (involving Lock Haven University, one of the 14 state universities that compose the Pennsylvania State System of Higher Education ("PASSHE")); Coulter v. East Stroudsburg Univ., No. 10-0877, 2010 WL 1816632, at *2 (M.D. Pa. May 5, 2010) (involving East Stroudsburg University of Pennsylvania, a PASSHE member university); Manning v. Temple Univ., No. 03-4012, 2004 WL 3019230, at *1 (E.D. Pa. Dec. 30, 2004) (involving Temple University, a "state-related" research university under the Commonwealth System of Higher Education); Stoller v. College of Med., 562 F. Supp. 403, 404 (M.D. Pa. 1983) (involving the College of Medicine of the Milton S. Hershey Medical Center, a division of the Pennsylvania State University); Ross v. Pennsylvania State Univ., 445 F. Supp. 147, 154 (M.D. Pa. 1978) (involving Pennsylvania State University, a public, state-related research university).

## V. Conclusion

For the foregoing reasons, the Court dismisses Ms. Castellucci's claims for intentional infliction of emotional distress without prejudice, and violation of due process with prejudice.

An appropriate Order follows.